SAMUEL, Judge.
Plaintiff brought this suit against his liability insurer under the direct action statute (LSA-R.S. 22:655) seeking damages for the wrongful death of his wife. Exceptions of no cause or right of action were filed by the defendant. The trial court maintained these exceptions and dismissed the suit. Plaintiff has appealed.
Mrs. Adams was killed instantly on January 15, 1959, when an automobile, operated by her husband and in which she was a passenger, collided with another vehicle. The accident was caused by plaintiff’s negligence. Mrs. Adams was survived only by her husband and by brothers and sisters; she left no descendants or ascendants.
Her brothers and sisters filed a similar suit against the same defendant in the Seventeenth Judicial Court for the Parish of LaFourche in which they also sought damages for her death. That suit was removed to the United States District Court where it was dismissed on defendant’s motion and that judgment was affirmed on appeal by the United States Court of Appeals, Fifth Circuit (Kelly v. Hartford Accident & Indemnity Company, 294 F.2d 400), for the reason that the plaintiffs were without right to bring the action under the law of Louisiana.
Plaintiff contends that, as a result of the judgment here appealed from and of *536 the above cited judgment of the United States Court of Appeals, no one has a right to recover for the wrongful death of Mrs. Adams despite the fact that a clear cause of action exists therefor; and that someone should be able to recover damages for the death. This type of argument addresses itself only to the legislature. The extent of our authority restricts us to a consideration of whether or not, under the applicable law, plaintiff has a cause and right of action in the instant case.
Plaintiff’s rights are to be determined under Civil Code Article 2315, the pertinent parts of which, at the time of the accident and death herein (the article was amended in 1960), provided:
“Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children, including adopted children and children given in adoption, or spouse of the deceased, or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving blood brothers and sisters, or either of them, for the space of one year from the death. However, should the deceased leave a surviving spouse, together with minor children, the right of action shall accrue to both the surviving spouse and the minor children. The right of action shall accrue to the major children only in those cases where there is no surviving spouse or minor child or children.
* # * * H* %
“The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters or adoptive parent, or parents, or adopted person, as the case may be.” LSA-C.C. Art. 2315.
It is quite clear that a right of action did survive in favor of plaintiff under the above article. But under our jurisprudence, particularly the cases of Addison v. Employers Mut. Liability Ins. Co. of Wis., La.App., 64 So.2d 484 (1953), and Dumas v. United States Fidelity & Guaranty Company, 241 La. 1096, 134 So.2d 45 (1961), the exception of no cause of action must be maintained. Addison, decided by the Court of Appeal, First Circuit, had been handed down and published before the occurrence of the facts herein. Dumas was handed down by the Supreme Court of Louisiana after the instant appeal had been perfected. Both are indistinguishable from the instant case on the question of law here involved.
Addison was a suit for personal injuries, resulting from the negligence of her husband, instituted by the wife against the husband’s liability insurer. Dumas was a suit for personal injuries, resulting from the negligence of his wife, instituted by the husband against the wife’s liability insurer. In each case the plaintiff died while the suit was pending and the surviving spouse filed a motion to be substituted as plaintiff, which motion was opposed by the defendant. Both cases held that under LSA-C.C. Arts. 2217 and 2218 the survival of the action in the person whose negligence caused the injuries, and who was thus primarily liable therefor, resulted in a confusion which extinguished the obligation and terminated the cause of action.
We agree with the holdings in both Addison and Dumas and, in addition, are required to follow the latter, a decision by the Supreme Court of Louisiana. Here the death was caused by plaintiff’s negligence; he was primarily liable therefor; and the resulting confusion under the above numbered codal articles extinguishes the obligation and terminates his cause of action.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.