315 So.2d 340 (1975)
Lionel MOORE, Sr., et ux., Plaintiffs-Appellees,
v.
Henry KINNEY, Sr., et al., Defendants-Appellants.
No. 5017.
Court of Appeal of Louisiana, Third Circuit.
June 24, 1975.
Rehearing Denied July 24, 1975.
Stockwell, St. Dizier, Sievert & Viccellio by Robert W. Clements, Lake Charles, for defendants-appellants.
Planchard, Thompson & James by Glen A. James, Sulphur, for plaintiffs-appellees.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
Defendant Henry Kinney, Sr. and his liability insurer Fidelity & Casualty Company of New York appeal the jury verdict awarding $53,000 to plaintiff Lionel Moore, Sr. as administrator of the estate of his deceased son. The twelve year old boy smothered to death in Kinney's grain drier. The jury determined that Kinney's negligence was a proximate cause of the accident. We reverse on other grounds.
Kinney is a farmer and cattleman who owns a six bin grain drier situated in Vinton, Louisiana. The Moores own property adjacent to Kinney's land and their home is located approximately 400 feet north of the drier.
Plaintiff's son, Lonnie, frequently visited the drier when it was being operated. He was an energetic lad of twelve years and four months and liked to help the men while they worked around the drier.
On November 19, 1972, Lonnie spent the better part of the afternoon at the drier *341 while defendant's employees were "circulating" soybeanstransferring soybeans from one bin to another to assist in the drying process. Late in the afternoon while Kinney and two of his employees were working at the drier, Lionel Moore, Sr. came over to talk to Kinney. Lonnie was there when his father arrived. Shortly thereafter Lionel Moore, Sr. invited Kinney to Moore's home to drink coffee. When they returned, Lonnie was missed. A search was instituted and subsequently Lonnie was found dead, buried in the number 6 bin under some fourteen feet of soybeans.
Mr. and Mrs. Moore instituted this suit for the wrongful death of their son. Additionally, in his capacity as administrator of Lonnie's estate, Moore sought an award for his son's physical pain and suffering and the loss of his son's future earnings.
Trial by jury resulted in the holding that defendant Kinney was proximately negligent, that Lonnie was free of negligence and had not assumed the risk, and that Lonnie's parents themselves were guilty of proximate negligence. The jury, in accordance with the court's instruction, then denied the Moores' individual claims for their son's wrongful death, but made an award of $53,000 to Moore as administrator of his minor son's estate.
The trial court had instructed the jury that if they found Kinney negligent and Lonnie free of negligence, even if they found the parents themselves to be negligent, they could still make an award to the father as administrator of the estate of his minor son for the claim asserted by him in his capacity as such. Timely objection was made by defendants appellants to this charge and to the special interrogatory submitted to the jury in accordance with that charge.
Plaintiffs have not appealed the judgment holding them negligent and dismissing their suit for the wrongful death of their son, nor have they answered defendants' appeal. This portion of the judgment is therefore final. Betz v. Riviere, 211 La. 43, 29 So.2d 465 (1947); Grosz v. Nolan, 170 La. 736, 129 So. 147 (1930); Mertens v. Mertens, 308 So.2d 508 (La.App. 3 Cir. 1975).
Defendants contend the jury was manifestly wrong in finding: 1) Kinney negligent, 2) Lonnie free from contributory negligence, and 3) Lonnie did not assume the risk. While we have serious doubts concerning Lonnie's freedom from contributory negligence, we do not reach these issues.
Accepting the jury's factual determinations, we reverse upon finding that, as a matter of law, Lionel Moore, Sr. cannot recover in his capacity as administrator of Lonnie's estate.
Insofar as is here applicable, LSA-C.C. art. 2315 provides that the right to recover damages (other than property damages) caused by an offense or quasi offense, if the injured person dies, shall survive in favor of the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving.
In every death claim under art. 2315, it is essential to initially distinguish between survival of actions (an action for the damages sustained by the tort victim himself) and wrongful death actions (an action for damages sustained by the beneficiaries of the tort victim because of the death). Wakefield v. Government Employees Insurance Co., 253 So.2d 667 (La.App. 4 Cir. 1971). This appeal involves only the survival of actions claim.
Survival actions are not rights which are transmitted from a tort victim to his heirs through inheritance. Rather than passing through the victim's succession, the rights are granted by art. 2315. LSA-C.C. art. 2315, is a special statute which grants a "right of action" to specified survivors or beneficiaries in the order of exclusionary preference, and absent these specified survivors, this right of action is not transmitted *342 to other persons. Succession representatives are not listed as survivors under art. 2315, and therefore have no right to prosecute the claim. J. Wilton Jones Company v. Liberty Mutual Insurance Company, 248 So.2d 878 (La.App. 4 Cir. 1970), writ denied, 259 La. 61, 249 So.2d 202 (1971); Collins v. Becnel, 297 So.2d 506 (La.App. 4 Cir. 1974). See also: Wakefield v. Government Employees Insurance Co., 253 So.2d 667 (La.App. 4 Cir. 1971).
Appellee Lionel Moore, Sr., contends these cases are not controlling. He argues that in these cases the administrator of the estate was not, as in the instant case, also one of the statutory beneficiaries named in art. 2315.
The petition and the jury charge referred to a separate claim by Lionel Moore, Sr. in his capacity as administrator of the estate of his deceased son, on the basis that Moore was not prosecuting this claim in his own right. As succession representative Lionel Moore, Sr. had no "right of action" to prosecute this survival of actions because art. 2315 does not list the succession representative as a beneficiary.
If, however, we consider Moore's claim to be as a named beneficiary under art. 2315 (rather than as administrator of his son's estate), Moore is again barred from recovering. He was found negligent and his negligence was held to be a proximate cause of his son's death. That holding has not been appealed. The contributory negligence of a beneficiary under art. 2315 bars his survival action. Dumas v. United States Fidelity & Guaranty Company, 241 La. 1096, 134 So.2d 45 (1961); Austrum v. City of Baton Rouge, 282 So. 2d 434 (La. 1973); Gonzales v. Succession of Medica, 141 So.2d 887 (La.App. 2 Cir. 1962); Adams v. Hartford Accident and Indemnity Co., 142 So.2d 535 (La.App. 4 Cir. 1962). This is based on the public policy which forbids one to reap benefit from his own misconduct. Dumas v. United States Fidelity & Guaranty Company, supra.
Plaintiff cites Westerfield v. Levis, 43 La.Ann. 63, 9 So. 52 (1891) contending that a beneficiary can recover in a survival action notwithstanding his own contributory negligence. That statement in the case is not binding for two reasons. First, the statement was dicta because the beneficiaries were found free of contributory negligence. Second, this holding has not been followed and is contrary to the hereinabove cited Supreme Court decisions.
The jury verdict awarding $53,000 to Lionel Moore, Sr. in his capacity as administrator of his deceased son's estate is reversed and set aside. Judgment is hereby rendered in favor of defendants dismissing the suit against them. All costs both at trial and on appeal are assessed to plaintiffs.
Reversed and rendered.