342 So.2d 236 (1977)
Adele SIMMONS, Individually and on behalf of her son, Raymond Phillip Ponder, Jr., Deceased
v.
William BROOKS and Allstate Insurance Companies.
No. 7540.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1977.
Rehearing Denied February 15, 1977.
Kierr, Gainsburgh, Benjamin, Fallon & Lewis, Ronald K. Gurley, Robert J. David, New Orleans, for plaintiff-appellant.
Porteous, Toledano, Hainkel & Johnson, E. Ross Buckley, Jr., John J. Hainkel, Jr., New Orleans, for defendants-appellees.
Before GULOTTA, STOULIG and MORIAL, JJ.
MORIAL, Judge.
This is an appeal from a judgment of the district court maintaining without reasons an exception of no right or cause of action and dismissing plaintiff-mother's suit against defendants William Brooks and Allstate Insurance Companies, for the wrongful death of her son, Raymond P. Ponder, Jr. We reverse and remand.
The decedent, Raymond P. Ponder, Jr. was married to Nelva Rice. From this union a son, Dennis Russel Ponder was born in 1955. The parties were divorced on August 20, 1956. Nelva Rice then married James Hayes in Michigan where they presently reside. Dennis Russel Ponder was legally adopted by Hayes on August 16, 1967 with the consent of decedent.
The sole issue of this appeal is whether the plaintiff-mother of decedent or his *237 child, who had been adopted, has the right of action granted under LSA-R.C.C. 2315 for the wrongful death of decedent.
LSA-R.C.C. Article 2315 is a special statute which grants a right to specified survivors or beneficiaries in the order of exclusionary preference to bring an action for damages for the wrongful death of certain persons.
LSA-R.C.C. Article 2315 cannot be isolated from other sections of the Revised Civil Code in interpreting its meaning. In King v. Cancienne, La., 316 So.2d 366 (1975), the Supreme Court interpreted Article 2315 in conjunction with LSA-R.C.C. Articles 117 and 118 in determining that a putative wife was a surviving spouse within the purview of the wrongful death article. Therefore, we consider the effect of LSA-R.C.C. Article 214, which deals with the rights of an adopted child, on the provisions of LSA-R.C.C. Article 2315.
The pertinent parts of the LSA-R.C.C. Article 2315 in relation to this case are paragraph three which provides in part:

* * * * * *
"The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving * * *."
and paragraph four which provides:
"As used in this article, the word `child', `brother', `sister', `father', and `mother' include a child, brother, sister, father, and mother, by adoption, respectively."
Under the usual circumstances, a surviving child precludes a parent of the decedent from recovering damages. However, this rule must be read in view of the legal effects of adoption. LSA-R.C.C. Article 214 provides in pertinent part:
"* * * the blood parent or parents and all other blood relatives of the adopted person are relieved of all of their legal duties and divested of all of their legal rights with regard to the adopted person, including the right of inheritance from the adopted person and his lawful descendants; and the adopted person and his lawful descendants are relieved of all of their legal duties and divested of all their legal rights with regard to the blood parent or parents and other blood relatives, except the right of inheritance from them." (emphasis supplied)
The question then becomes whether or not a right of action to recover for wrongful death is a right of inheritance within the meaning of LSA-R.C.C. Article 214.
The jurisprudence is clear that LSA-R.C.C. Article 2315 is not part of the law of successions and thus, neither the survival action nor the wrongful death action are rights which the transmitted from the tort victim to his heirs as an inheritance. King v. Cancienne, La., 316 So.2d 366 (1975); Moore v. Kinney, 315 So.2d 340 (La.App. 3 Cir. 2975); Collins v. Becnel, 297 So.2d 506 (La.App. 4 Cir. 1974). The beneficiaries listed in LSA-R.C.C. Article 2315 do not include all possible heirs of the deceased as provided in the articles of the Revised Civil Code on the law of successions. See LSA-R.C.C. Articles 902-933.
The right to recover for a wrongful death is not an inheritance right. That right of action in tort is a legal right which is divested from the child at the time of his adoption in accord with LSA-R.C.C. Article 214. See Bertrand v. State Farm, 333 So.2d 322 (La.App. 3 Cir. 1976). Accordingly, at the time of his adoption by Hayes decedent's biological son, Dennis Russel Ponder, lost the right of action given under LSA-R.C.C. Article 2315 with regard to his natural father.
The judgment of the district court maintaining the exception of no right or cause of action is reversed and the case is remanded *238 for further proceedings not inconsistent with the views herein expressed.
REVERSED AND REMANDED.