353 So.2d 418 (1977)
Berthella Clark, wife of and Eddie CLARK, as administrators of the Estate of their Deceased son, Ronald Joseph Clark
v.
TENNECO, INC. and its wholly owned subsidiary, Tenneco Oil Company, Charles Kilgore, Paul Floth, Ray Brooks, Dennis Caballero, C. W. Rackley, A. R. Dudley, L. R. Spence, Delta Field Erection, Inc., Harding J. Alleman, Sr., E. S. Odum, Earnest S. Odum and Hal S. Phillips and their Insurer, Liberty Mutual Insurance Company.
No. 8584.
Court of Appeal of Louisiana, Fourth Circuit.
December 13, 1977.
Rehearing Denied January 11, 1978.[*]
Writ Refused February 24, 1978.
*419 Daniel E. Becnel, Jr., Reserve, C. William Bradley, Jr., Edgard, for plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John C. Combe, Jr., Howard E. Sinor, Jr., New Orleans, for defendants-appellees.
Charles R. Maloney, John J. McCann, New Orleans, for intervenor-appellee.
Before REDMANN, SCHOTT and BEER, JJ.
BEER, Judge.
Mrs. Berthella Clark and Eddie Clark, surviving parents of Ronald Joseph Clark, appeal from the trial court's maintaining of an exception of no right of action which dismissed their suit. Their son had been killed in an explosion at the Chalmette, Louisiana plant of Tenneco, Inc. on August 12, 1976. He was survived by his wife, Adele Newman Clark, whom he had married on December 16, 1972, but the couple had lived together for only a short period following their marriage. Adele had then departed from their marital domicile and had filed a suit for separation. Decedent had counterclaimed, but no judgment had been, thereafter, rendered.
After Adele's departure, decedent moved to his mother's home and lived there until his death, providing her support. According to Berthella Clark's testimony, decedent and his estranged wife had lost touch with each other during the three and a half years that they remained separated. Berthella Clark identified decedent's remains following the accident and paid for his funeral.
Adele, despite the estrangement, did not long delay in filing suit to recover for loss of love and affection, support, etc. Mr. and Mrs. Clark also filed suit. The two cases were consolidated and, thereafter, the trial court maintained the exception of no right of action which precipitated this appeal.
La.Civ.Code art. 2315 provides that the claim of a surviving spouse precludes any right of action on the part of decedent's parent(s). However, appellants urge that the term "spouse" as used in article 2315 requires that the duties of fidelity, support and assistance, as set forth in La.Civ.Code art. 119, be, in fact, met. Additionally, they argue that article 2315 should be interpreted in light of Louisiana succession law, specifically La.Civ.Code art. 924.
*420 Louisiana courts have refused to apply succession law to affect the determination of beneficiary under art. 2315. See, e. g., Simmons v. Brooks, 342 So.2d 236 (La. App. 4th Cir. 1977); Collins v. Becnel, 297 So.2d 510 (La.App. 4th Cir. 1974), writ ref., La., 300 So.2d 842; Lopiparo v. Varnado, 208 So.2d 354 (La.App. 1st Cir. 1968), writ ref., 252 La. 263, 210 So.2d 506.
Although the wrongful death statute is sui generis, as this court recently noted in Simmons v. Brooks, supra, at 237, "LSA-R.C.C. Article 2315 cannot be isolated from other sections of the Revised Civil Code in interpreting its meaning."
Thus, in Simmons v. Brooks, id., we looked to La.Civ.Code art. 214 to determine that an adopted child was not a surviving child of his biological father for purposes of wrongful death recovery. Similarly, in King v. Cancienne, 316 So.2d 366 (La.1975), the Supreme Court interpreted article 2315 in conjunction with La.Civ.Code arts. 117 and 118 in determining that a putative spouse was a spouse for article 2315 purposes, and in Cosey v. Allen, 316 So.2d 513 (La.App. 1st Cir. 1975), the presumption of paternity, La.Civ.Code art. 184, was applied.
We are not unwilling to consider codal articles in attempting to correctly apply art. 2315. That, we perceive, is, in fact, our duty. But, in doing so, we can not ignore La.Civ.Code art. 136, which provides:
"The bond of matrimony is dissolved,
1. By the death of the husband or wife;
2. By a divorce legally obtained;
3. Whenever the marriage is declared null and void, for one of the causes mentioned in the fourth chapter of this title; or when another marriage is contracted, on account of absence, when authorized by law.
Separation from bed and board does not dissolve the bond of matrimony, since the separated husband and wife are not at liberty to marry again; but it puts an end to their conjugal cohabitation, and to the common concerns, which existed between them."
Thus, we see that although La. Civ.Code art. 119 sets forth duties of a spouse, failure to fulfill those duties does not result in termination of the marriage.
In Harris v. Lumbermen's Mutual Casualty Co. of Chicago, 111., 48 So.2d 728 (La.App. 1st Cir. 1950), a wife judicially separated from her deceased husband for one year prior to his death was accorded a right of action in preference to deceased's mother. Soon after, in Jones v. Massachusetts Bonding & Insurance Co., 55 So.2d 88 (La.App. 1st Cir. 1951), and undivorced wife who was living with another man at the time of decedent husband's death, and who was not dependent on him, was held to be the proper plaintiff, even though there were surviving children, two of them were dependent on decedent. Rejecting the plaintiff children's argument that the wife had forfeited her right of action, the First Circuit concluded, "To hold with the plaintiff we would be legislating, in that the codal article makes no distinction between a faithful and unfaithful wife or surviving spouse, in absence of legal action by the husband and the severing of the matrimonial tie."
Appellant correctly concedes that where there is specific law, there is no remedy in equity under La.Civ.Code art. 21. Thus, the code and jurisprudence require us to reach a result which, perhaps, signals the need for legislative consideration as noted by our brothers of the First Circuit.
The judgment must be affirmed, at appellant's cost.
AFFIRMED.
NOTES
[*] Redmann, J., voted to grant.