520 So.2d 996 (1987)
Rousseau DOMINGUE, Plaintiff-Appellant,
v.
CARENCRO NURSING HOME, INC., Gulf Insurance Company & Omni Manufacturing Inc., Defendants-Appellees.
No. 86-1099.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
Writ Denied February 5, 1988.
Guglelmo, Lopez & Tuttle, James C. Lopez, H. Douglas Hunter, Opelousas, for plaintiff/appellant.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Steven B. Rabalais, Lafayette, Voorhies & Laabe, D. Mark Bienvenu, Lafayette, for defendants/appellees.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
LABORDE, Judge.
This case involves the issue of whether a child given away by adoption retains the right to bring a survival action after the death of his natural father under the provisions of La.C.C. art. 2315. The facts of this case are simple. Rosseau Domingue, plaintiff, was born in 1925 of the union of Nicholas Domingue and Alida Potier Domingue. In 1958, at the age of 32, plaintiff was adopted, by notarial act, by Alexander Potier and Azelima Prejean Potier.
Plaintiff's natural parents had five other children of which three are still living. His natural mother died in 1975. Plaintiff's natural father died on February 22, 1985 at age 87 while a resident of the Evangeline Oaks Nursing Home. He had sustained a hip injury due to a fall at the nursing home on December 1, 1984. Plaintiff claims that this accident "ultimately lead [sic] to his [Nicholas Domingue's] demise" and was the result of the negligence of the nursing home and also due to a defective armoire located in the deceased's room at the nursing home. The plaintiff asserts that he *997 should be able to bring this claim under the survival action provisions of La.C.C. art. 2315. Defendants are Carencro Nursing Home, Inc. and its insurer, Gulf Insurance Co. and the manufacturer of the armoire, Omni Manufacturing Co., Inc. The defendants filed a peremptory exception of no right of action which was granted by the trial court. Rousseau Domingue now appeals the granting of the exception of no right of action. We affirm.
Plaintiff contends that the trial court erred in granting defendant's exception of no right of action. He refers to La.C.C. art. 2315 as it existed prior to the amendments of 1960, when the article provided in pertinent part as follows:
"[T]he right of his action shall survive in case of death in favor of the children, including adopted children and children given in adoption ..."
In 1960, the article was amended to provide that the action survived in favor of "the surviving spouse and child or children of the deceased" and the language referring to "children given in adoption" was removed. Plaintiff also refers to La.C.C. art. 3556(8) which defines children and includes "persons born of the marriage." He claims that this definition should be read into Article 2315 and the article should be interpreted as still giving a right of action to a child given away by adoption. Defendants, on the other hand, refer to the case of Simmons v. Brooks, 342 So.2d 236 (La. App. 4th Cir.1977), as being directly on point. They argue that the Simmons court looked to La.C.C. art. 214 as saying that a person who is adopted is divested of all legal rights regarding their natural parents except the right of inheritance. Defendants then argue that a survival action is not a right that is transmitted through inheritance and thus the plaintiff has lost any right that he may have had to bring a survival action.
We agree with the defendants' argument. Simmons, 342 So.2d 236, involved facts virtually identical to the case at hand.[1] In Simmons, the plaintiff was adopted by his mother's second husband. The child and mother then sought to maintain a survival action for the natural father's death. The court held that the son had no right of action to bring such a suit under La.C.C. art. 2315. The court stated that Article 2315 must be read in conjunction with other sections of the Civil Code in order to assist in its interpretation. The court then looked to La.C.C. art. 214 which states in pertinent part:
"[T]he adopted person and his lawful descendants are relieved of all of their legal duties and divested of all of their legal rights with regard to the blood parent or parents and other blood relatives, except the right of inheritance from them."
Id. at 237.
The court then stated:
"The jurisprudence is clear that LSA-R.C. Article 2315 is not part of the law of successions and thus, neither the survival action nor the wrongful death action are rights which are transmitted from the tort victim to his heirs as an inheritance. King v. Cancienne, La. 316 So.2d 366 (1975); Moore v. Kinney, 315 So.2d 340 (La.App. 3 Cir.1975); Collins v. Becnel 297 So.2d 506 (La.App. 4 Cir. 1974)."
Id. at 237.
We agree with the defendant's assertion that the Simmons case is apposite. When the plaintiff was adopted by the Potiers, he lost all legal rights with regard to his natural parents except for the right of inheritance. The survival action is not a right that is subject to inheritance and was thus lost upon his adoption. The trial court's grant of the peremptory exception of no right of action is thus affirmed. Costs of this appeal are taxed to plaintiff.
AFFIRMED.
NOTES
[1] Plaintiff has attempted to draw a distinction between his situation and the one involved in Simmons based upon the fact that Simmons involved a child who was adopted while still a minor while in our case plaintiff was 32 years old when adopted. However, we do not feel that this is a sufficient distinction to make the Simmons ruling inapplicable to our situation.