605 So.2d 681 (1992)
Chauncy Theron Fitch NELSON and Tracy Fitch Nelson, Plaintiffs-Respondents,
v.
BURKEEN CONSTRUCTION COMPANY, Michigan Mutual Insurance Company, Charles L. Stennet, Defendants-Applicants.
No. 24129-CW.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1992.
*682 Wiener, Weiss, Madison & Howell by R. Joseph Naus, Shreveport, for plaintiffs-respondents.
Barham & Arceneaux by Matthew K. Brown, Susan G. Lang, New Orleans, and Hudson, Potts & Bernstein by Robert M. Baldwin and Brian P. Bowes, Monroe, for defendants-applicants.
Before MARVIN, NORRIS and BROWN, JJ.
BROWN, Judge.
Willie Fitch died as the result of injuries received in an automobile accident. Plaintiffs, Chauncy Theron Fitch Nelson and Tracy Fitch Nelson, were decedent's natural children born of his marriage to Winnifred Washington Fitch. The marriage ended in divorce and the two children were adopted by Winnifred's second husband, Dr. Richard T. Nelson, Jr. However, the validity of the adoption of Chauncy Theron Fitch Nelson is contested.
Chauncy and Tracy Nelson brought wrongful death and survival actions against defendants. Defendants filed an exception of no right of action asserting that survival and wrongful death claims cannot be brought by children given in adoption for the death of their natural parents. The trial court found that children given in adoption have the right to bring a survival action for the death of their blood parent although they have no right to recover damages for wrongful death. The trial court further found that the adoption of Chauncy Theron Fitch Nelson was an absolute nullity which entitled him to pursue both wrongful death and survival actions. This court granted the writ application of defendants to review the ruling of the trial court.

FACTS
On June 14, 1990, decedent, Willie Fitch, was employed by the Morehouse Parish Highway Department. Fitch and Alonzo Watkins, an employee of the City of Bastrop, were standing between two parked vehicles on the right shoulder of West Jefferson Street in Bastrop, Louisiana. One of the vehicles was owned by the City of Bastrop and the other was owned by the Morehouse Parish Highway Department. A Burkeen Construction Company truck driven by Charles L. Stennett struck the Bastrop City vehicle which in turn struck Fitch. On July 3, 1990, Fitch died from the injuries he sustained.
Plaintiffs sued the City of Bastrop, Burkeen Construction Company, Michigan Mutual Insurance Company, the insurers of Burkeen, and Charles L. Stennett for damages arising out of the death of Willie Fitch. The pleadings state that Willie Fitch was survived by a wife, an illegitimate child, and plaintiffs.
Plaintiffs, Chauncy and Tracy Nelson, are the natural children of decedent, Willie Fitch, born of the marriage between Willie Fitch and Winnifred Washington Fitch. Chauncy was born on December 3, 1959, and Tracy, on January 2, 1964. Willie and Winnifred were divorced on February 16, 1971. Winnifred Washington Fitch married Dr. Richard Tecumseh Nelson, Jr. on March 13, 1971. By authentic act dated April 12, 1977, Dr. Nelson purported to adopt Chauncy; however, at that time Chauncy, at seventeen years and four months old, was a minor, and Willie Fitch, Chauncy's natural father, did not sign the authentic act. Thereafter, on September 20, 1977, a petition to adopt both Tracy and Chauncy was filed by Dr. Nelson. However, after Chauncy had turned eighteen, a judgment decreeing the adoption of Tracy was rendered by the juvenile court on March 7, 1978. Presumedly, Chauncy was not included in the judgment because he had reached majority. Defendants suggest that a study of the chronology demonstrates that the date on the notarial act was mistakenly shown as 1977. Defendants suggest that the notarial act was actually executed in 1978 because Chauncy was a major and there was no need for Willie Fitch's consent. This argument is supported by the fact that the authentic act was filed with the Caddo Parish Clerk on April 14, 1978.
*683 TRACY FITCH NELSON'S SURVIVAL ACTION
Defendants contend that the trial court erred in denying their exception of no right of action to the survival claim brought by Tracy Nelson. The lower court found that although Tracy's adoption by Dr. Nelson precluded him from bringing a wrongful death action for his personal damages, he was not precluded from bringing a survival action for damages sustained by his natural parent.
Adoption results in the severance of all legal ties between a natural parent and the child given away in adoption, except for the right of inheritance. Louisiana Civil Code Article 214 provides, in part, "... the adopted person and his lawful descendants are relieved of all of their legal duties and divested of all of their legal rights with regard to the blood parent or parents and other blood relatives, except the right of inheritance from them." The trial court concluded that Tracy inherited his blood parent's action for damages.
La.Civil Code Art. 2315.1 provides that rights of action or instituted actions for injuries suffered by a person who eventually dies from those injuries do not abate with death but survive in favor of designated persons. In addition, La.Civil Code Art. 2315.2 creates an action for damages suffered by certain designated survivors for the wrongfully caused death of another. Although clearly separate and distinct causes of action, both the wrongful death and the survival action are statutorily created tort remedies, expressly conferred upon an exclusive list of beneficiaries. The list of beneficiaries provided by Article 2315.1 is identical to the list set forth in Article 2315.2, with the addition of the decedent's succession representative as party plaintiff in the absence of any of the listed beneficiaries for the survival action only.
Articles 2315.1 and 2315.2 designate those persons who may bring an action for wrongful death and in whose favor the victim's action survives. There are three separate classes of beneficiaries common to both actions and a fourth for survival actions. The existence of a member of the first class of beneficiaries exclude all members of lesser classes. Thus, any member of a higher class preempts the claims of other classes of beneficiaries. Warren v. Richard, 296 So.2d 813 (La. 1974). If there is more than one member of the first class of beneficiaries then funds derived from the survival action are divided equally among all members of the class. Austrum v. City of Baton Rouge, 282 So.2d 434 (La.1973).[1]
The first class of beneficiaries in the survival action under article 2315.1 are the "... surviving spouse and child or children of the deceased, or either the spouse or the child or children." The article further defines "child" to include a child by adoption. Prior to Act 211 of 1986, the survival and wrongful death actions were covered generally by Louisiana Civil Code Article 2315. Article 2315 was amended in 1960 to provide essentially what is now contained in Articles 2315.1 and 2315.2. A noticeable omission in the amended version of Article 2315, in comparison to Article 2315 preamendment, is the absence of the phrase "and children given in adoption" from the list of statutory beneficiaries. The current statutory scheme also reflects this omission. Before the 1960 amendment to Art. 2315, the action survived in favor of children, "including adopted children and children given in adoption." The 1960 amendment deleted the reference to children given in adoption. Since children given in adoption are not included in the enumerated classes they are without a remedy for the death of their natural father.
The issue in Simmons v. Brooks, 342 So.2d 236 (La.App. 4th Cir.1977), was whether an adopted child has a right of action under Louisiana Civil Code Article 2315 for the wrongful death of his natural father. The court noted that Article 2315 is not part of the law of successions and *684 that neither the wrongful death action nor the survival action are rights which are transmitted by the tort victim to his heirs as an inheritance, citing King v. Cancienne, 316 So.2d 366 (La.1975), Moore v. Kinney, 315 So.2d 340 (La.App. 3d Cir. 1975), and Collins v. Becnel, 297 So.2d 506 (La.App. 4th Cir.1974). The court further noted that the beneficiaries set forth in Article 2315 do not include all possible heirs of the decedent as provided in the succession articles of the Civil Code. The court held in Simmons v. Brooks, supra, that the right to recover for wrongful death is not an inheritance right, but is an action in tort, a legal right that is divested from the child at the time of his adoption in accord with Article 214 of the Louisiana Civil Code.
In Haas v. Baton Rouge General Hospital, 364 So.2d 944 (La.1978), the Supreme Court noted that the right to recover damages caused by an offense, upon the death of the injured person, shall survive for a period of one year from the death of the deceased in favor of certain designated beneficiaries and that the right of action does not pass through the victim's succession to be transmitted to his heirs as an inheritance, but devolves exclusively upon specially designated classes of beneficiaries or survivors set forth in Civil Code Article 2315 (now Civil Code Articles 2315.1 and 2315.2).
The Third Circuit was presented with the issue of whether a child given away in adoption retains the right to bring a survival action upon the death of his natural father in Domingue v. Carencro Nursing Home, Inc., 520 So.2d 996 (La.App. 3d Cir. 1987), writ denied, 522 So.2d 565 (La.1988). The court in Domingue, supra, held that when the child is adopted, he loses all legal rights with regard to his natural parents except for the right of inheritance and that the survival action is not a right that is subject to inheritance and is thus lost upon adoption. In so holding, the Third Circuit relied on the Fourth Circuit's analysis in Simmons v. Brooks, supra.
Survival actions are statutorily created tort remedies devolving in favor of an exclusive list of beneficiaries; they are not rights of inheritance that inure to the benefit of children given in adoption. Thus, the trial court's ruling as to this exception is reversed with regard to Plaintiff Tracy Nelson.
VALIDITY OF CHAUNCY FITCH NELSON'S ADOPTION
Defendants' second argument on appeal is that the trial court erred in denying the exception of no right of action to the wrongful death action and survival action brought by Chauncy Nelson. The denial of this exception was based on a finding that the purported adoption of Chauncy by Dr. Richard Nelson was invalid.
Louisiana Code of Civil Procedure Article 641 provides that indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
In State Dept. of Highways v. Lamar Advertising Company of Louisiana, Inc., 279 So.2d 671 (La.1973), the Supreme Court analyzed the consequences that flow from labeling a party indispensable as opposed to necessary and concluded that "these differences in the way the absent party affects the case, and the possible harsh result if the party is ruled indispensable, mandate that such classification be applied to a party only after the facts clearly establish that no complete and equitable adjudication of the interest can be made in his absence." Id. at 675. The court stated that "great care must be exercised to insure a proper factual analysis of the party's interest in the case before determination of the party's classification is made." Id. at 675. The Supreme Court concluded that parties should be deemed indispensable only when that result is absolutely necessary to protect substantial rights.
In Finnerty v. Boyett, 469 So.2d 287 (La.App. 2d Cir.1985), plaintiff filed a petition alleging that he was the biological father of a child born during the marriage of the child's mother to another man and requested that he be recognized as the *685 child's natural father for purpose of obtaining visitation privileges. The lower court held that plaintiff did not have a right of action; plaintiff, the alleged biological father, appealed. On appeal this court reversed, holding that plaintiff did have a right of action to establish his paternity even though the child was statutorily presumed to be the child of the mother's husband. However, the case was remanded for failure to join Mr. Boyett, the presumed father, who was found to be an indispensable party. The court noted that prior to the plaintiff's action, Mr. Boyett was considered the child's father in all respects and that when an action is brought through which a court can declare another man to be the biological father, equity demands that the presumed father be made a party to the action, since his interest and rights will be necessarily affected by the judgment.
In Glasscock v. Glasscock, 405 So.2d 684 (La.App. 3d Cir.1981), the first wife filed suit against her husband seeking to nullify a judgment of divorce. The husband's second wife was not made a party to the suit to nullify the divorce decree. The trial court declared the divorce decree to be a nullity. The second wife then tried to enter the case by filing a peremptory exception of nonjoinder of an indispensable party. She was denied a hearing and appealed. The Third Circuit held that in the action by the first wife seeking to nullify a judgment of divorce, the husband's second wife was an indispensable party to the action, noting that if the marriage of the husband and the first wife was not dissolved by the divorce decree, the status and marital rights of the second wife would be vitally affected.
Dr. Nelson's interests as an adoptive parent are necessarily interrelated with a determination as to the nullity of his adoption of Chauncy Nelson. No adjudication as to Chauncy's status should be made in the absence of Dr. Nelson, the adoptive parent. By declaring the act wherein Dr. Nelson purported to adopt Chauncy invalid, Dr. Nelson is deprived of his parental rights and interest.
We further note that it is well settled that adoption laws are in derogation of the natural rights of biological parents and are to be strictly construed in favor of biological parents. See In re Ackenhausen, 244 La. 730, 154 So.2d 380 (La.1963).
This court held a defective surrender of a child for adoption to be without effect because it failed to comply with the specific, exclusive means as set forth in the statute in In re CDT, 415 So.2d 315 (La.App. 2d Cir.1982), stating:
Adoption laws, being in derogation of natural rights, are strictly construed in favor of parents.
As an adult, for approximately fourteen years Chauncy held himself out as the child by adoption of Dr. Nelson. With the possibility of financial gain for the death of his blood father, Chauncy now seeks to set aside the adoption asserting a nullity that was established to protect the parental interest of Willie Fitch. Certainly Chauncy has substantially benefited for many years from this alleged "null" act.
Based on our finding that Dr. Nelson is an indispensable party to a determination of the validity of his adoption of Chauncy Nelson, we reverse and set aside the ruling of the trial court denying defendants' exception of no right of action to the survival action and wrongful death action of Chauncy Nelson and remand for joinder of Dr. Richard Nelson and a determination of the validity of Chauncy's adoption by Dr. Nelson. Such a hearing should include defendants' assertion that the authentic act of adoption is mistakenly dated.

DECREE
For the reasons set forth above, the judgment of the trial court denying the defendants' exception of no right of action to the survival action of plaintiff Tracy Nelson is REVERSED and judgment is to be entered in favor of defendants dismissing plaintiff Tracy Nelson's survival action. The trial court's denial of defendants' exception of no right of action to the survival action and wrongful death action of Chauncy Nelson is REVERSED AND SET *686 ASIDE. We REMAND for joinder of Dr. Richard Nelson and a hearing to determine the validity of Chauncy Nelson's adoption by Dr. Nelson. Costs are assessed to plaintiffs, Chauncy and Tracy Nelson.
NOTES
[1] The issue in the instant case may determine if the surviving wife will have to divide the sum recovered for Willie Fitch's suffering four ways.