AMANDA ZIGLAR, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF GARY BRUNEY

VERSUS

PRIDE MOBILITY PRODUCTS CORPORATION

C/W

COURTNEY SANTOS AND JASON KING, INDIVIDUALLY AND AS THE CO-ADMINISTRATORS OF THEIR MINOR CHILD KIYANNA SANTOS

VERSUS

SOUTHERN FIDELITY INSURANCE COMPANY, GEORGETTE RODRIGUEZ, AND PRIDE MOBILITY PRODUCTS CORPORATION

C/W

AMANDA ZIGLAR, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF GARY BRUNEY

VERSUS

SOUTHERN FIDELITY INSURANCE COMPANY, GEORGETTE RODRIGUEZ AND CRANK SYSTEMS, L.L.C.

NO. 23-CA-162  C/W 23-CA-163 & 23-CA-164 & 23-CA-586

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 776-603 C/W 785-284 C/W 786-168, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING

March 13, 2024

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
John J. Molaison, Jr., and Scott U. Schlegel

**AFFIRMED**
  **JJM**
  **MEJ**
  **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
AMANDA ZIGLAR, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF
GARY BRUNEY
        Walter J. Leger, Jr.
        Franklin G. Shaw
        Mary W. Smith

COUNSEL FOR DEFENDANT/APPELLEE,
PRIDE MOBILITY PRODUCTS CORPORATION
        Michael H. Rubin
        Quentin F. Urquhart, Jr.
        Kelly E. Brilleaux

COUNSEL FOR DEFENDANT/APPELLEE,
GEORGETTE RODRIGUEZ AND AMERICAN SURPLUS LINES
INSURANCE COMPANY
        Michael H. Rubin
        Paul D. Palermo
        Craig V. Sweeney

COUNSEL FOR DEFENDANT/APPELLEE,
NEW ORLEANS REGIONAL PHYSICIAN HOSPITAL ORGANIZATION,
L.L.C. D/B/A PEOPLES HEALTH NETWORK
        Michael H. Rubin
        Elizabeth A. Roussel
        E. Paige Sensenbrenner
        Leigh Ann Tschirn Schell
        Jennifer C. Bergeron

,
JEFF LANDRY, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL
FOR THE STATE OF LOUISIANA
        Alexander T. Reinboth
        Jeffrey M. Landry
        Amanda M. Lagroue

**MOLAISON, J.**

The plaintiff, Amanda Ziglar, individually and on behalf of the Estate of Gary Bruney, has appealed the October 18, 2022 trial court judgment that sustained the exception of no right of action filed by the defendants, Pride Mobility Products Corporation, ("Pride"), Georgette Rodriguez ("Rodriguez"), 361-362 Avenue A, L.L.C., American Empire Surplus Lines Insurance Company, ("American Empire") and New Orleans Regional Physician Hospital Organization, L.L.C. d/b/a People's Health Network ("PHN"), and denied the plaintiff's motion to declare Louisiana Civil Code articles 2315.1, 2315.1 and 199 as unconstitutional. For the reasons that follow, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

On October 6, 2017, Amanda Ziglar filed a petition for damages asserting wrongful death and survival claims for the July 31, 2017 death of Gary Bruney. In the petition, Ms. Ziglar alleged that she was the daughter and sole heir of Mr. Bruney, and that he died as a result of injuries sustained when his Pride Jazzy Select Power Chair, manufactured by the defendant, Pride, caught fire. This claim was based on the Louisiana Products Liability Act. On July 31, 2018, Ms. Ziglar filed another petition in a separate proceeding, again alleging that she was the daughter and sole heir of Mr. Bruney. The named defendants in the second proceeding were Rodriguez and the L.L.C. that owned the home where the fire occurred, and American Empire, the insurer of the property.[1] In this petition, the plaintiff claimed that the owners of the house failed to install and inspect smoke alarms and/or detectors, and failed to install fire extinguishers in the house that could be operated by Mr. Bruney. These two suits were consolidated. On

---

[1] Crank Systems, L.L.C. was also named in this petition, however, they were dismissed from the suit without prejudice on September 17, 2018.

February 19, 2020, the plaintiff amended the petition for damages to add PHN, alleging that PHN was negligent and at fault for failing to properly repair or replace Mr. Bruney's power wheelchair prior to the date it caught fire.

On March 3, 2020, Rodriguez, the L.L.C., and American Empire filed a peremptory exception of no right of action. In this exception they pointed out that in her deposition, Ms. Ziglar testified that at the time of her birth, her mother was married to Mr. Bruney. She further testified that when she was about twelve years old, she was adopted by Barry Ziglar, who was married to her mother at the time. They argued that under Louisiana law, children given in adoption are excluded from asserting survival and wrongful death actions on behalf of their biological parents. Pride adopted the exception of no right of action. PNH later filed its own exception of no right of action, and adopted the exception filed by the other defendants.

On March 13, 2020, the plaintiff filed a "Motion to Declare Louisiana Code Articles 2315.1, 2315.2, and/or 199 Unconstitutional as Applied to a Child Given in Adoption." A second motion to declare La. C.C. arts. 2315.1, 2315.2, and 199 was filed on June 28, 2022. On July 15, 2022, the plaintiff filed a fourth amended petition for damages, alleging that she was a child of Mr. Bruney pursuant to La. C.C. art. 2315.1 and 2315.2. She alleged that after her adoption, she maintained a relationship with Mr. Bruney, her biological father, and that to deny her the right to recover for damages resulting from the death of her biological father would unconstitutionally deny her equal protection. She further alleged that La. C.C. arts. 2315.1, 2315.2, and 199 are unconstitutional on their face as applied to her.

On October 12, 2022, a hearing was held on the exception of no right of action and the plaintiff's challenge to the constitutionality of the code articles. At the conclusion of the hearing, the trial judge sustained the exception of no right of

action and denied the motion to declare the code articles unconstitutional. This timely appeal followed.

## LAW AND DISCUSSION

### No Right of Action

In the petitions for damages, Amanda Ziglar alleged that she was the daughter of Mr. Bruney. In her deposition, Ms. Ziglar testified that when she was about twelve years old, she was adopted by Barry Ziglar, who was married to her mother at the time.[2] Ms. Ziglar admitted to being adopted by Mr. Ziglar in pleadings that she later filed in this proceeding.

A survival action is transmitted to beneficiaries upon the victim's death and permits recovery only for the damages suffered by the victim from the time of injury to the moment of death. Taylor v. Giddens, 618 So.2d 834, 840 (La. 1993). Survival actions are governed by La. C. C. art. 2315.1, which at the time of Mr. Bruney's death, allowed the action to be brought by the surviving child of the deceased. A wrongful death action is a separate action that arises upon the victim's death, and compensates the beneficiaries for their own injuries, which they suffer from the moment of the victim's death and thereafter. Id. Wrongful death actions are governed by Louisiana Civil Code Article 2315.2, which at the time of Mr. Bruney's death, allowed the action to be brought by the surviving child of the deceased. At the time of Mr. Bruney's death, neither La. C.C. art. 2315.1 nor 2315.2 allowed a survival action or a wrongful death action to be brought by children given in adoption. Louisiana courts held that survival and wrongful deaths actions are statutorily created remedies in tort that are exclusively available to certain listed beneficiaries, and that children given up for adoption lose their legal rights to bring claims under La. C.C. articles 2315.1 and 2315.2. Nelson v.

---

[2] Ms. Ziglar's biological father, Mr. Bruney, did not have custody of her once Mr. Bruney and Ms. Ziglar's mother separated.

Burkeen Const. Co., 605 So.2d 681, 683. (La. App. 2 Cir. 1992). The Nelson court explained that before the 1960 amendment to article 2315, the action survived in favor of children, explicitly "including adopted children and children given in adoption." The 1960 amendment deleted the reference to children given in adoption. In Nelson, the court concluded that since children given in adoption are not included in the enumerated classes provided in C.C. art. 2315, they are without a remedy for the death of their natural father. Nelson, *supra* at 683.

The Louisiana Supreme Court has held that the right to recover damages caused by an offense, upon the death of the injured person, shall survive for a period of one year from the death of the deceased in favor of certain designated beneficiaries and that the right of action does not pass through the victim's succession to be transmitted to his heirs as an inheritance, but devolves exclusively upon specifically designated classes of beneficiaries and survivors set forth in La. C.C. Art. 2315 (now La. C.C. arts. 2315.1 and 2315.2). Haas v. Baton Rouge General Hospital, 364 So.2d 944, 945 (La. 1978).

While this proceeding was pending in the trial court, the Louisiana Supreme Court issued its opinion on rehearing in the case of Rismiller v. Gemini Ins. Co., 20-313 (La. 6/30/21), 330 So.3d 145, 148-149, reh'g denied, 20-313 (La. 9/30/21), 347 So.3d 882, cert. denied, 142 S. Ct. 1229, 212 L. Ed. 2d 235 (2022).[3] In Rismiller, the Court stated:

> In summary, as a result of their adoption, in which 'the adopting parent becomes the parent of the child for all purposes' and the previous 'filiation between the child and his legal parent is terminated' (La. C.C. art. 199), and the plain text of La. C.C. arts. 2315.1 and 2315.2, the plaintiffs have no right to assert a survival and wrongful death action in connection with the death of their biological father and half-siblings. Any relevant legal relationship between the children given in adoption and the biological relatives whose deaths

---

[3] When the parties in the instant suit became aware that the Louisiana Supreme Court had granted writs in Rismiller, a case with the same issue regarding survival and wrongful death actions filed by children who had been given for adoption, the parties agreed to pause the proceedings until the supreme court had ruled.

are the subject of these tort cases has been terminated. In our civil law system, this court simply cannot reinsert codal language related to children given in adoption that has been specifically removed by the legislature.

Id. at 148-149.

After the Rismiller opinion was rendered, the Louisiana legislature passed Acts 2022, No. 718, which added the phrase "given in adoption" to Civil Code articles 2315.1 and 2315.2. This Act was completely silent as to whether this amendment was interpretative or substantive, and whether the amendment was intended to have retroactive effect. Pursuant to La. C.C. art. 6: "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary."

In the instant case, Act No. 718 does not provide that the amendments are retroactive. If no intent is expressed by the legislature, then that intent must be discerned by classifying the law as either substantive, procedural, or interpretive. Church Mut. Ins. Co. v. Dardar, 13-2351 (La. 5/7/14), 145 So.3d 271, 279.

By definition, "[s]ubstantive laws establish new rules, rights, and duties or change existing ones." Id. at 283. Where an amendment changes existing law, the amendment is substantive legislation and applies prospectively only. La. C.C. art. 6. Further, "the Legislature's power to change the law does not include the power to legislatively overrule a Louisiana court" or abrogate the Court's interpretation of law through retroactive application. Calcasieu Parish Sch. Bd. Sales & Use Dep't v. Nelson Indus. Steam Co., 21-552, (La. 10/10/21), 332 So.3d 606, 615-16.

A clear reading of acts 2022, No. 718, which added the phrase "given in adoption" to Civil Code articles 2315.1 and 2315.2, created and established a new right to children given in adoption, allowing them to file claims for survival and

wrongful death of their deceased biological parent. Hence, the 2022 amendments to articles 2315.1 and 2315.2 were substantive and must be applied prospectively.

The general principle is that the law in effect at the time the cause of action arose is applied. Walls v. American Optical Corp., 98-455, (La. 9/8/99), 740 So.2d 1262, 1266. The law in effect at the time of death is the law that applies to a wrongful death action. Bulot v. Intracoastal Tubular Servs., Inc., 04-1376 (La. App. 4 Cir. 11/3/04), 888 So. 2d 1017, 1021-22, writ denied, 04-2969 (La. 12/17/04), 888 So.2d 877, and writ denied, 05-9 (La. 3/18/05), 896 So.2d 1005, and writ denied, 05-94 (La. 3/18/05), 896 So.2d 1011.

Consequently, the law in existence at the time of Mr. Bruney's death applies in this case. At the time of Mr. Bruney's death neither La. C.C. art. 2315.1 nor 2315.2 allowed a survival action or a wrongful death action to be brought by children given in adoption.

The function of an exception of no right of action is a determination of whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. La. C.C.P. art. 927. The exception of no right of action serves to question whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation. Badeaux v. Southwest Computer Bureau, Inc., 05-612 (La. 3/17/06), 929 So. 2d 1211, 1217. The determination of whether a plaintiff has a right of action is a question of law, which the appellate court reviews de novo. Woods v. Robinson, 18-145 (La. App. 5 Cir. 9/19/18), 256 So. 3d 409, 416. In examining an exception of no right of action, a court focuses on whether a plaintiff belongs to a particular class of persons to whom the law grants the cause of action asserted in the suit, and the court assumes that the petition states a valid cause of action. Id. Evidence supporting or controverting an exception of no right of action is admissible. La. C.C.P. art. 931.

Ms. Ziglar unequivocally testified she was adopted by Barry Ziglar when she was a minor child. Here, at the time of Mr. Bruney's death in 2017, under the plain text of La. C.C. arts. 2315.1 and 2315.2, Ms. Ziglar, who was a child given by Mr. Bruney in adoption, had no right to assert a survival and wrongful death action as a result of his death. In accordance with La. C.C. arts. 2315.1 and Art. 2315.2 as they existed at the time of Mr. Bruney's death, as well as the above cited jurisprudence, she was divested of her right to bring survival or wrongful death claims on behalf of her biological father once she was adopted. Therefore, the trial court correctly sustained the defendants' exception of no right of action.

## Constitutionality of La. C.C. arts. 2315.1, 2315.2 and 199

In her second assignment of error, Ms. Ziglar contends that the district court legally erred in denying her Motion to Declare Louisiana Civil Articles 2315.1, 2315.2 and 199[4] Unconstitutional as Applied Pursuant to Louisiana Constitution Art. I, Sec. 3. She argues that the Rismiller court interpreted these statutes to deny a cause of action to a child born of a marriage who is later adopted, even though a child born outside of marriage to a married mother would retain causes of action for both the child's biological father and his presumed father. In support of this assertion, the appellant relies primarily on Warren v. Richard, 296 So.2d 813 (La. 1974). In Warren, the court addressed whether an illegitimate child could recover for the wrongful death of her biological father when, at the same time, she was also considered the legitimate child of another man under the law. Id. at 815. The appellant's reliance on Warren, which dealt with the rights of legitimate versus illegitimate children, is misplaced. It is undisputed in this matter that Ms. Ziglar was not born an illegitimate child, nor has she ever been considered illegitimate

---

[4] La. C.C. art. 199 provides: "Upon adoption, the adopting parent becomes the parent of the child for all purposes and the filiation between the child and his legal parent is terminated, except as otherwise provided by law. The adopted child and his descendants retain the right to inherit from his former legal parent and the relatives of that parent."

under the law. She was born the legitimate child of Mr. Bruney during his marriage to Ms. Ziglar's mother. Ms. Ziglar became the adopted daughter of Barry Ziglar during her minority, after her parents' divorce. Ms. Ziglar is not denied recovery for damages related to the death of her biological father due to any circumstances surrounding her birth. Rather she is denied recovery because upon her adoption, Ms. Ziglar became a child "given in adoption."

In Rismiller, 330 So.3d at 150, the supreme court held that La. C.C. arts. 2315.1, 2315.2 and 199 did not unconstitutionally deprive children given in adoption of a right of action, as "[a] rational basis exists for limiting the categories of eligible claimants in La. C.C. arts. 2315.1 and 2315.2 to those who 'are likely to be most affected by the death of the deceased.'" The Court noted that children given in adoption "have moved into a new parental relationship, becoming children 'by adoption,' who are eligible claimants in the unfortunate occurrence of the tortious death of their adoptive parents." Id. The facts in Rismiller were identical to those presented by Ms. Ziglar, i.e., adult children who were adopted as minors sought to recover damages as a result of the death of their biological father. Pursuant to Rismiller, Ms. Ziglar is not in a class of beneficiaries eligible to recover under La. C.C. arts. 2315.1and 2315.2, notwithstanding the fact that Mr. Bruney is Ms. Ziglar's biological father. Because Ms. Ziglar is a child given in adoption, La. C.C. arts. 2315.1, 2315.2 and 199 did not unconstitutionally deprive Ms. Ziglar of any alleged right of recovery.

**CONCLUSION**

For the foregoing reasons, the trial court judgment sustaining the exception of no right of action in favor of the defendants, Pride Mobility Products Corporation, Georgette Rodriguez, 361-362 Avenue A, L.L.C., American Empire Surplus Lines Insurance Company, and New Orleans Regional Physician Hospital

Organization, L.L.C. d/b/a People's Health Network, and against the plaintiff,

Amanda Ziglar, individually and on behalf of the Estate of Gary Bruney,

dismissing the plaintiff's actions against the defendants with prejudice is affirmed.

The denial of the plaintiff's motion to declare Louisiana Civil Code articles

2315.1, 2315.1 and 199 unconstitutional is also affirmed.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MARCH 13, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 23-CA-162

### C/W 23-CA-163 & 23-CA-164 & 23-CA-586

**E-NOTIFIED**

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)

FRANKLIN G. SHAW (APPELLANT)
QUENTIN F. URQUHART, JR. (APPELLEE)
ELIZABETH A. ROUSSEL (APPELLEE)
AMANDA M. LAGROUE (OTHER)

MARY W. SMITH (APPELLANT)
MICHAEL H. RUBIN (APPELLEE)
LEIGH ANN TSCHIRN SCHELL (APPELLEE)
PETER M. MEISNER (APPELLEE)

KELLY E. BRILLEAUX (APPELLEE)
PAUL D. PALERMO (APPELLEE)
ALEXANDER T. REINBOTH (OTHER)

**MAILED**

CRAIG V. SWEENEY (APPELLEE)
ATTORNEY AT LAW
3421 NORTH CAUSEWAY BOULEVARD
SUITE 900
METAIRIE, LA 70002

HONORABLE JEFFREY M. LANDRY (OTHER)
ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
POST OFFICE BOX 94005
BATON ROUGE, LA 70804

BRIGID E. COLLINS (APPELLANT)
WALTER J. LEGER, III (APPELLANT)
WALTER J. LEGER, JR. (APPELLANT)
ATTORNEYS AT LAW
512 EAST BOSTON STREET
COVINGTON, LA 70433

S. REED MORGAN (APPELLANT)
ATTORNEY AT LAW
THE CARLSON LAW FIRM
100 EAST CENTRAL TEXAS EXPRESSWAY
KILLEEN, TX 76541

E. PAIGE SENSENBRENNER (APPELLEE)
JENNIFER C. BERGERON (APPELLEE)
ATTORNEY AT LAW
701 POYDRAS STREET
SUITE 4500
NEW ORLEANS, LA 70139