219 So.2d 614 (1969)
Bessie LABOVE, Individually and as Administratrix of the Estate of Her Minor Son, Paul Allen Labove, Plaintiff-Appellant,
v.
TRADERS & GENERAL INSURANCE COMPANY, Defendant-Appellee.
No. 2583.
Court of Appeal of Louisiana, Third Circuit.
February 14, 1969.
Rehearing Denied March 12, 1969.
Jones & Jones, by J. B. Jones, Jr., Cameron, for plaintiff-appellant.
Hall, Raggio, Farrar & Barnett, by Thomas L. Raggio, Lake Charles, for defendant-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
SAVOY, Judge.
Plaintiff instituted this suit individually and as natural tutrix of her minor son for personal injuries received by her son, Paul Labove, in a motorcycle-automobile accident on June 3, 1967, in Cameron Parish, Louisiana. Plaintiff alleges that at the time of the accident her son was riding on the rear passenger seat of a 1967 model Honda motorcycle owned by James Allen Trahan and being driven by William Ray Trahan. The automobile involved was a 1964 Ford owned by Arceneaux Boudreaux and being driven by Artemise T. Boudreaux. Plaintiff also alleges the accident was caused by the joint and concurrent negligence of Artemise T. Boudreaux and William Ray Trahan, and that Traders and General Insurance Company is liable in damages to plaintiff as the public liability insurer of both Boudreaux and Trahan.
*615 With reference to the public liability insurance policy in favor of William Ray Trahan, the vehicle designated in the policy was a 1967 model Chevrolet which was not involved in the accident. Plaintiff seeks to hold defendant liable under the provision of the policy insuring Mr. Trahan while operating a non-owned automobile, which plaintiff alleged included motorcycles and particularly the motorcycle being operated by Mr. Trahan at the time of the accident.
Relative to this appeal, defendant filed a motion for summary judgment asking that plaintiff's suit be dismissed as to any liability under the policy issued to William Ray Trahan on the basis that he was not covered while he was operating a motorcycle.
The motion for summary judgment was granted, and judgment was rendered dismissing plaintiff's suit as to the defendant in its capacity as the insurer of William Ray Trahan. From this judgment plaintiff has appealed to this Court.
The issue in this case is whether or not the term "non-owned automobile" as defined in the policy includes a two-wheeled motorcycle. Plaintiff maintains that the definition of non-owned automobile in the policy does not restrict the coverage to a four-wheeled vehicle, as does the definition of "owned automobile"; and that, therefore, the term "automobile" should be construed in its broadest sense as defined in the dictionary as a power driven wheeled vehicle for the transportation of persons, which definition would include a "motorcycle." Defendant maintains that the district court was correct in its holding that the policy of insurance in question afforded protection to the insured only while he was operating an automobile and not while he was operating a motorcycle.
The record shows that defendant issued to William Ray Trahan a Family Automobile Policy which provided public liability coverage for Mr. Trahan "arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile * * *." The policy sets forth the following definitions:
"* * * `owned automobile means
"(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded,
"(b) a trailer owned by the named insured,
"(c) a private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period, provided
"(1) it replaces an owned automobile as defined in (a) above, or
"(2) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within 30 days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile, or
"(d) a temporary substitute automobile;
"`temporary substitute automobile' means any automobile or trailer, not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;
"`non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile;
"`private passenger automobile' means a four wheel private passenger, station wagon or jeep type automobile;
"`farm automobile' means an automobile of the truck type with a load capacity of fifteen hundred pounds or less not used *616 for business or commercial purposes other than farming;
"`utility automobile' means an automobile, other than a farm automobile, with a load capacity of fifteen hundred pounds or less of the pick-up body, sedan delivery or panel truck type not used for business or commercial purposes;
"`trailer' means a trailer designed for use with a private passenger automobile, if not being used for business or commercial purposes with other than a private passenger, farm or utility automobile, or a farm wagon or farm implement while used with a farm automobile; * * *."
In the ordinary use of language in America, the word "automobile" refers to a motor-driven car with a body and having more than two wheels for support as protection to the driver against accidents; whereas the word "motorcycle" indicates a motor vehicle driven on two wheels. Laporte v. North American Acc. Ins. Co., 161 La. 933, 109 So. 767, 48 A.L.R. 1086. Having regard to this ordinary meaning of the terms, as well as to the intended function of automobile liability policies and the scope of the risks intended to be covered, the courts have consistently held that motorcycles are not considered automobiles for purposes of coverage by automobile liability policies. 1A Appleman's Insurance Law and Practice, Section 573, page 402.
Although in the one instance in the policy in the definition of "private passenger automobile" the restriction to a "four wheel" vehicle was made, and a like restriction was not made in the definition of a "non-owned automobile", from a reading of the policy as a whole this Court finds no ambiguity as to whether the policy would afford protection arising out of the operation of an automobile as opposed to a motorcycle. We believe it would do violence to reason and the ordinary acceptation of the meaning of words to extend the provisions of this policy to motorcycles, where it was obviously intended to cover automobiles.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.