SARTAIN, Judge.
This suit involves an interpretation of the liability provisions of an insurance contract where the insured, on a borrowed, uninsured motorcycle, struck and injured a pedestrian, David Randow. The insured, Randall C. Montalbano, borrowed the motorcycle from Ronnie Saurage. Montalbano had a policy of liability insurance with Ameri *794 can Southern Insurance Company (American Southern) covering his 1973 Volkswagen. Randow had a policy of liability insurance, including uninsured motorist protection, with Allstate Insurance Company (Allstate). Allstate paid Randow the sum of $2,283.50 and as subrogee of the latter sued Montalbano for reimbursement. Montalbano third partied American Southern, who had denied coverage.
This appeal arises from a judgment in the trial court sustaining American Southern’s motion for summary judgment. We affirm.
The policy in question sets forth the following definitions:
“INSURING AGREEMENTS
“I. Coverage A — Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.
* * * * * *
IV. Automobile Defined, Trailers, Private Passenger Automobile, Two or More Automobiles, Including Automatic Insurance:
“(a) Automobile. Except with respect to division 2 of coverage C and except where stated to the contrary, the word ‘automobile’ means:
(1) Described Automobile — * * *
(2) Trailer — * * *
(3) Temporary Substitute Automobile

(4) Newly Acquired Automobile— * *
Appellant also relies on Section V of the policy which in general relates to use of “any other automobile” subject to certain exceptions which are not pertinent here.
Appellant contends that a motorcycle is a vehicle within the purview of R.S. 22:6(3) which provides:
“(3) Vehicle. Insurance against loss or damage to any land vehicle or aircraft or any draft or riding animal or to property while contained therein or thereon or being loaded or unloaded therein or therefrom, and against any loss or liability resulting from or incident to ownership, maintenance, or use of any such vehicle or aircraft or animal.
Insurance against accidental death or accidental injury to individuals including the named insured while in, entering, alighting from, adjusting, repairing, cranking, or caused by being struck by a vehicle, aircraft, or draft or riding animal, if such insurance is issued as part of insurance on the vehicle, aircraft, or draft or riding animal, shall be deemed to be vehicle insurance.”
and reasons that the term “motor vehicle” in the above statute encompasses a motorcycle because it is operated by power developed within itself and is used for the purpose of carrying passengers and material. Thus, he concludes that under the broad provisions of the policy (“Insuring Agreements,” I and IV, above), liability coverage should be afforded in the premises. He further argues that, failing to obtain such an interpretation, the policy itself is ambiguous and should be construed more strongly against the insurer as the author of the contract. Atlas Lubricant Corporation v. Federal Insurance Co. of New Jersey, 293 So.2d 550 (4th La.App., 1974).
Throughout its provisions defining coverage to be included under the policy, the policy refers to “automobile” without specifically including or excluding two-wheeled motorcycles. Defendant American Southern did expand coverage to include vehicles which are not usually considered as automobiles according to the popular understanding of the term by including trailers and semi-trailers within the policy’s provisions. However, to maintain, as plaintiff suggests, that this specific inclusion necessarily leads to the inclusion of other vehicles riding on two wheels and which are not usually included within the definition of “automobile”, such as motorcycles, is an improper and unwarranted expansion of the term.
*795 The fact that the policy itself lists other vehicles which are included within its coverage, i. e., trailer, substitute automobile, and newly acquired automobile, can not in itself be construed to mean other vehicles which are not named or otherwise defined therein. Where a policy of insurance contains a definition of any word or phrase, this definition is controlling. Hendricks v. American Employers Insurance Company, 176 So.2d 827 (2nd La.App., 1965), writs refused, 248 La. 415, 179 So.2d 15 (1965).
In Labove v. Traders & General Insurance Co., 219 So.2d 614, the Third Circuit passed on the question of whether the terms “non-owned automobile” as defined in the policy in question included two-wheeled motorcycles. The policy set forth definitions of automobiles which did not specifically include or exclude two-wheeled motorcycles but which did include trailers of two or four wheels. The language of the policy referred to the “insured”, “substitute” and “non-owned” vehicles which were to be covered as simply “automobiles or trailers”. Although in one place the policy in Labove referred to a “private passenger automobile” as a “four wheel private passenger automobile” for purposes of coverage of “owned automobiles” and the policy did not limit the definition of “non-owned” vehicles to four wheel vehicles, the court held:
“. . . from a reading of the policy as a whole this Court finds no ambiguity as to whether the policy would afford protection arising out of the operation of an automobile as opposed to a motorcycle. We believe it would do violence to reason and the ordinary acceptation of the meaning of words to extend the provisions of this policy to motorcycles, where it was obviously intended to cover automobiles. * * *”
Labove was followed in Gremillion v. State Farm Mutual Automobile Insurance Co., 302 So.2d 712 (3rd La.App., 1974), writs denied, La., 305 So.2d 134 (1974). There, Mrs. Gremillion was riding as a guest passenger with her husband on a borrowed, uninsured motorcycle. Because of the negligence of her husband she was permitted recovery for general damages under the uninsured motorist provisions of the general liability insurance policy; but she was denied medical payments benefits under the same policy for the reason that the “non-owned motorcycle is not included in the definition of a non-owned automobile.” In each instance that the courts have been called upon to equate a motorcycle with an automobile for the purpose of construing applicable provisions of an automobile insurance policy, the courts have declined to do so. Laporte v. North American Acc. Insurance Co., 161 La. 933, 109 So. 767 (1926), Labove v. Traders & General Insurance Co., above, and Gremillion v. State Farm Mutual Insurance Co., above.
Accordingly, for the above reasons, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.