HALL, Judge.
Plaintiff, Terry Lynn Flowers, was injured while riding as a passenger on a borrowed motorcycle driven by her husband who negligently drove the motorcycle off the road. She sued defendant, Interstate Surplus Underwriters, Inc., for damages under both the liability and uninsured motorist provisions of an automobile insurance policy issued by defendant to her husband, also seeking recovery of penalties and attorney’s fees for arbitrary failure to pay the uninsured motorist benefits. After suit was filed the insurance company paid its uninsured motorist policy limits of $5,000. It defended the liability claim on the grounds that the policy does not provide coverage for injury arising out of the use of a nonowned motorcycle.
The trial court held that the policy does not provide liability coverage for damages arising out of the use of motorcycles, and that the insurance company was justified in delaying payment of the uninsured motorist benefits. Judgment was rendered rejecting plaintiff’s demands and she appealed. We affirm.
The issues are:
(1) Does the insurance policy provide liability coverage for injury arising out of the use of a nonowned motorcycle?
(2) Is the plaintiff entitled to penalties and attorney’s fees for arbitrary failure of the insurance company to pay benefits under the uninsured motorist coverage within 60 days after demand?

*652
Liability Coverage

The parties correctly agree that under the jurisprudence motorcycles are included within the term “motor vehicles” but not within the term “automobiles”. Allstate Insurance Company v. Montalbano, 335 So.2d 793 (La.App. 1st Cir. 1976); Posey v. Commercial Union Insurance Company, 332 So.2d 909 (La.App. 2d Cir. 1976); Thibodeaux v. St. Paul Mercury Insurance Company, 242 So.2d 112 (La.App. 3d Cir. 1970), writ denied 257 La. 622, 243 So.2d 533 (1971); Lavove v. Traders & General Insurance Company, 219 So.2d 614 (La.App. 3d Cir. 1969). Appellant contends, however, that the term “automobile” as used in the policy in question includes motorcycles because of the use of the broader term “motor vehicles” in the definition section of the policy.
The basic insuring clause of the policy provides:
“I Coverage A — Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.”
The specific insuring clause dealing with the use of nonowned automobiles under which plaintiff claims coverage provides:
“V Use of Other Automobiles. If the named insured is an individual or husband and wife and if during the certificate period such named insured, or the spouse of such individual if a resident of the same household, owns a private passenger automobile covered by this policy, such insurance as is afforded by this certificate under coverages A, B, division 1 of coverage C and E with respect to said automobile applies with respect to any other automobile, subject to the following provisions: . .
The definition section of the policy, which appellant emphasizes, provides:
“IV Automobile Defined, Trailers, Private Passenger Automobile, Two or More Automobiles, Including Automatic Insurance.
“(a) Automobile. Except with respect to division 2 of coverage C and except where stated to the contrary, the word “automobile” means:
“(1) Described Automobile — the motor vehicle or trailer described in this certificate or, if none is so described, with respect to coverages A, B and division 1 of coverage C, any private passenger automobile owned on the effective date of this certificate by the named insured or by his spouse if a resident of the same household;
"* * *
“(d) Two or More Automobiles. When two or more automobiles are insured hereunder, the terms of this certificate shall apply separately to each, but a motor vehicle and a trailer or trailers attached thereto shall be held to be one automobile as respects limits of liability under coverages A and B and separate automobiles as respects limits of liability, including any deductible provisions, under coverages D, E, F, G, H, I and J.”
The motor vehicle described in the policy is a 1972 Buick Riviera automobile.
The policy is designated as a “Combination Automobile Certificate”. It provides coverage with respect to a Buick automobile and other automobiles operated by the insured. The term “motor vehicle” is used in the liability section of the policy in only two instances; once in defining the “described automobile” as the motor vehicle or trailer described in the policy and again in providing that where two or more automobiles are insured, a “motor vehicle and a trailer or trailers attached thereto” shall be held to be one automobile as far as limits of liability are concerned.
The limited use of the term motor vehicle in the policy does not indicate that the terms automobile and motor vehicle are used interchangeably or synonymously throughout the policy, or that the term automobile is expanded beyond its common, *653 popular meaning. The limited use of the term motor vehicle in clauses unrelated to use of other automobiles clause under which plaintiff claims recovery does not create an ambiguity in the meaning or intent of the policy with respect to that clause. Nothing in the contract indicates any intent on the part of the contracting parties to provide coverage arising out of the use of a borrowed motorcycle.
Appellant points to possible ambiguities and inconsistencies that might exist if a motorcycle had been listed as the described vehicle in the policy. Whether or not the hypothetical situations posed by appellant might present problems of interpretation, the policy under consideration does not describe a motorcycle; it describes an automobile and is not ambiguous.
Appellant relies on the Kansas case of Western Casualty & Surety Company v. Budig, 213 Kan. 517, 516 P.2d 939 (1973), which is directly in point and held there was coverage under identical facts and policy provisions. Our view is that the majority opinion in that case represents a strained interpretation of the policy in the absence of any ambiguity. Our view is in accord with the dissenting opinion in the Kansas case.
Although there is no Louisiana case directly in point, the cases generally have refused to expand the definition of automobile in the liability portion of an insurance policy to include motorcycles. In Guillory v. Deshotel, 251 So.2d 91 (La.App. 3d Cir. 1971), one part of the policy defined automobile as “land motor vehicle.” The court held that the term automobile in the liability coverage clause was not expanded to include motorcycles. In Allstate Insurance Company v. Montalbano, supra, the policy in question described trailers and types of vehicles other than cars. Notwithstanding use of the term “land vehicle” in LSA-R.S. 22:6(3) defining vehicle insurance and the inclusion of the various types of vehicles in the policy coverage, the court held the term automobile did not include motorcycles.
We hold that the liability coverage of the policy in question does not extend to injury arising out of the insured’s use of a non-owned motorcycle. Appellant’s claim was correctly denied.
Uninsured Motorists Coverage — Penalties and Attorney’s Fees
Appellant seeks recovery of penalties and attorney’s fees under LSA-R.S. 22:658 for the insurance company’s arbitrary refusal to pay the uninsured motorists benefits within 60 days after demand. The record reflects that payment was made shortly after suit was filed, a little more than four months after demand. It was stipulated by the parties that on and after the date of demand “there remained serious questions as to contributory negligence' of Terry Lynn Flowers and as to the extent of her injuries.” When there are serious questions as to the plaintiff’s contributory negligence, the insurance company’s refusal to pay uninsured motorists benefits is not arbitrary or capricious. Rogers v. State Farm Mutual Automobile Ins. Co., 217 So.2d 690 (La.App. 3d Cir. 1969); Stewart v. Wood, 153 So.2d 497 (La.App. 1st Cir. 1963). Under the stipulated facts, appellant was correctly denied recovery of penalties.
The judgment of the district court is affirmed at appellant’s costs.
Affirmed.