537 So.2d 828 (1989)
Mary L. THOMAS and Amy Leffler
v.
Robert E. KILGORE, et al.
No. 88-CA-548.
Court of Appeal of Louisiana, Fifth Circuit.
January 18, 1989.
*829 Daniel L. Dysart, Paul Tabary, Dysart, Sanborn & Tabary, Chalmette, for plaintiffs-appellants.
Timothy G. Schafer, Wade D. Rankin, Schafer & Schafer, New Orleans, for defendant-appellee Sec. Ins. Co. of Hartford.
Before CHEHARDY, KLIEBERT and GAUDIN, JJ.
KLIEBERT, Judge.
The question presented is whether a special multi-peril liability insurance policy provides coverage for injuries sustained in an automobile accident. The trial court granted summary judgment in the insurer's favor on the grounds the policy excluded from coverage injuries arising out of the use of an automobile. On appeal plaintiffs contend the policy language is ambiguous and hence must be interpreted against the insurer so as to provide coverage. For the reasons assigned we affirm the judgment of the trial court.
Mary L. Thomas and Amy Leffler were injured in a multi-vehicle accident on October 2, 1983. Among those charged with fault was Reverend Robert Kilgore, the minister of the Madisonville Presbyterian Church. Reverend Kilgore, while on a church related mission, was driving his 1982 Oldsmobile Delta 88 east in the west-bound lane of Interstate 10 in a dense fog when he was involved in an accident. Suit was filed against Reverend Kilgore, the Madisonville Presbyterian Church, and the Security Insurance Company of Hartford, which issued a special multi-peril insurance policy to the church. After summary judgment was granted in Security's favor, a settlement was reached between the remaining parties, with the plaintiffs reserving their right to appeal the summary judgment.
The policy provisions relied on by Security and enforced by the trial court are as follows:
PROPERTY DAMAGE LIABILITY
I. The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
bodily injury or
property damage
to which this insurance applies, caused by an occurrence, and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.
Exclusions
This insurance does not apply:
(a) to liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behaof of the named insured will be done in a workmanlike manner;
(b) to bodily injury or property damage arising out of the ownerhsip, maintenance, operation, use, loading or unloading of
(1) any automobile or aircraft owned or operated by or rented or loaned to any insured, or
(2) any other automobile or aircraft operated by any person in the course of his employment by any insured;

*830 but this exclusion does not apply to the parking of an automobile on insured premises, if such automobile is not owned by or rented or loaned to any insured;
(c) to bodily injury or property damage arising out of (1) the ownership, maintenance, operation, use, loading or unloading of any mobile equipment while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity or (2) the operation or use of any snowmobile or trailer designed for use therewith;
(d) to bodily injury or property damage arising out of and in the course of the transportation of mobile equipment by an automobile owned or operated by or rented or loaned to any insured;
* * * * * *
II. PERSONS INSURED
Each of the following is an insured under this insurance to the extent set forth below:
* * * * * *
(c) with respect to the operation, for the purpose of locomotion upon a public highway, of mobile equipment registered under any motor vehicle registration law:
(i) an employee of the named insured while operating any such equipment in the course of his employment, and
(ii) any other person while operating with the permission of the named insured any such equipment registered in the name of the named insured and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization;
The distinction between "automobile" and "mobile equipment" as used in the policy is critical; coverage is excluded for the former and included (except under limited circumstances) for the latter. However, no definitions sections is included in the copy of the policy submitted by Security in support of its motion for summary judgment.[1] Plaintiffs contend the absence of definitions creates an ambiguity because Reverend Kilgore's vehicle can be both an "automobile" and "mobile equipment."
An insurance policy is a contract to which the rules established for the construction of written instruments apply. Stanley v. Cryer Drilling Co., 36 So.2d 9 (La. 1948); Coates v. Northlake Oil Co., Inc., 499 So.2d 252 (1st Cir.1986). Interpretation of the contract is the determination of the common intent of the parties. La.C. C. art. 2045; Hebert v. First American Ins. Co., 461 So.2d 1141 (5th Cir.1984). Intent is determined in accordance with the plain, ordinary and popular sense of the language used in the agreement. La.C.C. art. 2047; Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72 (1939); Nida v. State Farm Fire & Cas. Co., 454 So.2d 328 (3rd Cir.1984) writ denied 458 So.2d 486. When the words of the contract are clear and explicit, courts may look no further to determine the parties' intent. La.C.C. art. 2046; Freyoux v. Estate of Bousegard, 484 So.2d 761 (1st Cir.1986). Any doubt, however, in the interpretation of an insurance contract must be construed in favor of coverage for the insured. Hebert v. First American Ins. Co., supra.
The commonly understood definition of "automobile" is a four-wheeled passenger car with a built-in engine. See Labove v. Traders & General Ins. Co., 219 So.2d 614 (3rd Cir.1969). Reverend Kilgore's Oldsmobile Delta 88 is undeniably an automobile within the commonly understood meaning. Whether "mobile equipment" is defined as something other than an automobile or as class of which an automobile *831 is a sub-class is of no moment;[2] the policy issued by Security expressly excludes coverage for bodily injury or property damage arising out of the use of an automobile. Summary judgment in favor of Security was appropriate.
The judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.
NOTES
[1] Standard commercial general liability policies have definitions sections which define "automobile" and "mobile equipment." See Russo v. Veran, Inc., 488 So.2d 372 (3rd Cir.1986); Doty v. Safeco Ins. Co., 400 So.2d 718 (3rd Cir.1981) writ denied 409 So.2d 611; McKenzie & Johnson, Insurance (15 Louisiana Civil Law Treatise) § 87.
[2] A motorcycle is a "motor vehicle" but is not an "automobile." Flowers v. Lloyd's London Ins. Co., 364 So.2d 650 (2nd Cir.1978).