ARMSTRONG, Judge.
Plaintiff, John Warren Galjour, appeals a judgment from First City Court for the City of New Orleans dismissing his suit against defendants, Security industrial Insurance Company (“Security”) and Jacob Schoen & Son, Inc. (“Schoen”). Defendants have answered plaintiffs appeal. We now affirm.
Plaintiff, the named beneficiary in three burial insurance policies taken out by his mother, filed this suit seeking damages because defendants refused to permit a substitution to be made for the “contract casket” provided for in the contract funerals.
During her lifetime, plaintiff’s decedent, Theoline Galjour Nash, took out three burial insurance policies. Policy No. 1 was taken out in 1959 with a “funeral benefit” in the amount of $200.00; Policy No. 2 was taken out in 1955 with a “funeral benefit” in the amount of $200.00; and Policy No. 3 was taken out in 1959 with a “funeral benefit” in the amount of $250.00. All three policies were paid up at the time of decedent’s death in May 1990.
Although the contract language varied slightly, the three policies obligated defendant to provide (1) complete funeral services, including a casket, (2) an allowance on other selected merchandise in the amount of the “funeral benefit,” or (3) a cash payment of a percentage of the “funeral benefit” in lieu of the described complete funeral service.
Shortly before decedent’s death, Lloyd Schroeder, her son-in-law, inquired into arranging a funeral for decedent as her death was imminent. He spoke with Gerard Schoen at Schoen Funeral home. Schroeder was shown the cloth-covered “contract casket” which would come with the contract funeral and found it to be unacceptable because of its inferior quality. Schroeder asked if he could pay an extra amount and substitute a better quality casket. He was informed that he could not. Schoen told him that he could either take an upgraded cloth-covered “contract casket” used in contract funerals worth $1,950.00, receive an allowance equal to the “funeral benefit” of the policies on other merchandise, or receive a cash payment.
Schroeder declined to accept any of the above options, instead, choosing a pre-ar-ranged funeral plan costing $3,939.90, including $1,763.50 for a casket. Galjour, the named beneficiary on the three policies, assigned the burial policies to defendant in exchange for an allowance of $650.00, the face amount of the policies, on the cost of the funeral. Plaintiff claims damages of $2,075.22, the cost of the funeral services he was deprived of by not being allowed to upgrade the casket and receive the other contract funeral services provided under the policy.
Following the institution of plaintiff’s suit, Security and Schoen filed exceptions of no right of action, maintaining that because plaintiff assigned the policies, he had no right of action to assert a cause of action to enforce rights under the policy.
The trial court overruled the exception of no right of action filed by Security and Schoen. The trial court also dismissed plaintiff’s suit, indicating that the terms of the policies were unambiguous and that plaintiff had been entitled to only the three options listed in the policies.
On appeal, plaintiff claims that the trial court erred in failing to construe an ambiguous contract against the drafter. Security and Schoen answered plaintiff’s appeal, complaining that the trial court erred in overruling their exceptions.
An insurance policy is a contract, and those rules established for interpretation of written instruments apply to contracts of insurance. Stanley v. Cryer *518 Drilling Co., 213 La. 980, 36 So.2d 9 (La.1948); Hartford Accident & Indemnity Co. v. Joe Dean Contractors, Inc., 584 So.2d 1226 (La.App. 2d Cir.1991); Thomas v. Kilgore, 537 So.2d 828 (La.App. 5th Cir.1989). Interpretation of a contract is the determination of the common intent of the parties. La. C.C. art. 2045. Courts are bound to give legal effect to insurance contracts according to the true intent of the parties. Foret v. Louisiana Farm Bureau Cas. Ins. Co., 582 So.2d 989 (La.App. 1st Cir.1991).
The intention of the parties is to be determined in accordance with the plain, ordinary and popular sense of the language used in the agreement. La.C.C. art. 2047; Coates v. Northlake Oil Co., Inc., 499 So.2d 252 (La.App. 1st Cir.1986), writ denied, 503 So.2d 476 (La.1987). If the language of an insurance contract is clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given — no further interpretation may be made in search of the parties’ intent. La.C.C. art. 2046; Alford v. Kaiser, 589 So.2d 546 (La.App. 1st Cir.1991), writ denied, 594 So.2d 893 (La.1992). Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La.C.C. art. 2050.
One of the funeral policies in question provides:
The Beneficiary shall have the privilege of selecting the casket and burial garments with reference to design and color according to the values as provided in this Policy. (Emphasis added.)
Another policy specified an “Amor Cloth Covered Hinged Casket Or it’s Equivalent.” The third policy specified a “Broadcloth covered hinged cap Casket.” These caskets are the ones available for the policy package funeral which includes everything necessary for a basic funeral. The language of these sections is clear and unambiguous. No provisions are made for substitutions.
Alternatives to the package funeral are spelled out in other parts of the policy. One policy provides that in lieu of the package funeral the beneficiary can receive “an allowance on any other merchandise selected of the amount of Funeral Benefit shown herein.” That “Funeral Benefit” is listed as $250.00. The two other policies provide for a “$200.00 allowance on any other merchandise.” $200.00 is the amount of the “Funeral Benefit” in each of these other two policies.
The language of these alternative provisions is clear and unambiguous. Under one policy the beneficiary can receive an allowance on other merchandise up to the amount of the funeral benefit of $250.00. Under the other two policies the beneficiary can receive a $200.00 allowance on any other merchandise.
The only other applicable alternative provided for under the three policies was a cash payment. One policy provided for a cash payment “equal to the funeral benefit.” The two other policies provided for cash payments equal to 50% and 75% of the funeral benefit, respectively. The policies comported with the requirements of La. R.S. 22:253 which mandates that policies provide for a cash payment in lieu of the contractual funeral services.[1]
We cannot say that it was the intent of the parties that the beneficiary be allowed to substitute a more expensive casket for the policy casket and still avail himself of the other funeral services provided under the policy funeral. The language of the policies was clear and unambiguous. The beneficiary could take the policy funeral, including the casket, or in lieu thereof he could receive (1) an allowance on other merchandise or (2) a cash payment. Plaintiff/beneficiary opted to avail himself of allowances for other merchandise under the three policies in the amount of the combined value of the three funeral benefits, a total of $650.00.
*519 We are unable to say that the trial court erred in finding that the funeral insurance policies were clear and unambiguous and did not provide for substitutions. Our disposition of this assignment of error moots consideration of the assignments of error by Security and Schoen relating to the trial court’s overruling of their exceptions of no right of action.
For the foregoing reasons, we affirm the judgment of the trial court.

AFFIRMED.

. R.S. 22:253 was amended in 1977 to set the cash payment at 100% of the face amount of the policy for policies written after the 1977 effective date of the amendment. Prior to that amendment the minimum cash payment was lower, as reflected by the older policies.