11 GRISBAUM, Judge.
Appellant, Barry Gant, Jr., appeals the decision of the trial court’s finding that, because he had been adopted, he was not entitled to proceeds from his biological father’s life insurance policy. We reverse.
Since we are presented with a pure question of law, the basic record facts and procedural history are irrelevant.

THE TRIAL COURT’S FINDING

The trial court’s finding that appellant was not entitled to any life insurance proceeds because he was legally adopted by another was based on two rationales. First, the trial court stated the only rights an adopted child has regarding his biological parent is that of inheritance. The court reasoned that since the life insurance proceeds never formed a part of Mr. Gant’s estate due to the designated class of beneficiaries, which was surviving children, appellant’s fright to receive the proceeds was contractual and not a right of inheritance. Therefore, because appellant can only assert the right of inheritance and cannot assert any other legal right, he was not entitled to the proceeds. Second, the trial court noted that wrongful death and survival actions are not rights given by inheritance and, thus, an adopted child is not considered a surviving child for purposes of asserting such actions based on his biological father. The trial court then concluded that an adopted child could not be considered a surviving child for purposes of a life insurance contract because the right to the proceeds is not a right given by inheritance, unless it is payable to the decedent’s estate.

ANALYSIS

Initially, we are called upon to interpret words within a life insurance policy. Specifically, we must determine the meaning of “surviving children” as it relates to the designated class of beneficiaries. It is well-established that an insurance policy is a contract to which the rules established for the construction of written instruments apply. Words in the policy are to be given their plain, ordinary, popular and general meaning in the absence of a definition within the policy. Thomas v. Kilgore, 537 So.2d 828 (La.App. 5th Cir.I989). See also, La.Civ. Code arts. 2045-2057.
A review of the policy shows there is no separate definition for “surviving ehil- *1371 dren” other than to say they are potential beneficiaries. Therefore, according to the rules of contract interpretation, we must look to the ordinary meaning of the words. Both Black’s Law Dictionary, Fifth Edition, and Webster’s New Collegiate Dictionary, define “surviving” as “remaining alive or in existence beyond the life of another.” There is no dispute that appellant is Barry Gant, Sr.’s child in that appellant was born to Mr. Gant during his first marriage. And, there is no dispute appellant remains alive today, thereby surviving his biological father. Thus, it is easy to conclude appellant falls within the beneficiary category of Mr. Gant’s life lainsurance policy as a “surviving child.” The mere fact appellant was adopted by another, does not make him any less a surviving child of his biological father. This conclusion is consistent with Louisiana law, which recognizes dual paternity.[1] Smith v. Cole, 553 So.2d 847 (La.1989).
Using the rationale found in Nelson v. Burkeen Construction Co., 605 So.2d 681 (La.App.2d Cir.1992), the trial court concluded because an adopted child is not considered a “surviving child” for purposes of wrongful death and survival actions because they are not rights given by inheritance, then an adopted child cannot be considered a “surviving child” for purposes of life insurance proceeds because they, too, are not rights given by inheritance when there is a designated beneficiary other than the estate. Our jurisprudence has consistently held an adopted child may not bring a survival action on behalf of or a wrongful death action for the death of his biological father. However, the history of the actions must be examined.
Nelson points out both the wrongful death and survival actions were statutory tort remedies which originally were included in a general La.Civ.Code art. 2315. When Article 2315 was amended in 1960 to provide what is essentially now in Articles 2315.1 and 2315.2, there was a substantive omission. The phrase “and children given in adoption” was omitted from the list of beneficiaries entitled to a remedy under the Article. The list of beneficiaries in these articles has been held to be an exclusive list of persons entitled to recover. Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396 (La.1980). This history clearly |4shows the legislature explicitly intended for adopted children to be excluded from asserting such actions based on their biological parent(s).
However, the mere fact an adopted child is not considered the surviving child of his biological father for purposes of wrongful death and survival actions is not axiomatic for the proposition that an adopted child cannot be considered a surviving child of his biological parent for other purposes. A wrongful death action, a statutorily created remedy, differs greatly from a right derived from a contract, a right given through an agreement between the parties. A person entitled to assert a wrongful death action seeks compensation for personal suffering experienced as a result of an emotional bond with the victim that has been broken through the fault or negligence of another. On the other hand, a right given by contract is given by agreement of the parties involved. La.Civ.Code arts. 1927, 1978. Damages which may be collected through a wrongful death action include loss of consortium, service and society. La.Civ. Code art. 2315. Our laws governing adoption sever all ties between the adopted child and his biological parent, except, the right of the child to inherit from the parent. By doing so, our law presumes an adopted child will not maintain the parent-child bond created through physical and emotional support. Thus, it is presumed an adopted child will not suffer the loss of consortium, service and society from his biological parent and, as a *1372 result, should not be able to collect such damages.
La.Civ.Code art. 214, in pertinent part, provides:
the blood parent or parents and all other blood relatives of the adopted person, except as provided by R.S. 9:572(B), are relieved of all their legal duties and divested of all their legal rights with regard to the adopted person, including the right of inheritance from the adopted person and his lawful descendants; and the adopted person and his lawful descendants are relieved of all of their legal duties and divested of all of their legal rights with regard to the blood parent or parents and other blood relatives, except the right of inheritance from them.
|s(Emphasis supplied.)
The trial court found the phrase “divested of all their legal rights with regard to the blood relative,” prevents an adopted child from asserting a right bestowed by matter of contract. We disagree.
We do not find, nor can it be found, that the legislature intended to divest an adopted child of his remedy to enforce a right given to him by virtue of contract.
Black’s Law Dictionary, Fifth Edition, defines “legal right” as “[n]atural rights, rights existing as result of contract, and rights created or recognized by law.” There are fundamental differences between those rights created or recognized by law and those rights contractually created. Namely, rights created by contract require an agreement between parties as to the right created and parties can contract as to anything as long as it does not conflict with public policy. La. Civ.Code arts. 7,1927,1971,1978. Our jurisprudence and public policy indicate “legal rights” when referred to in the broad scheme of La.Civ.Code art. 214 refer only to those rights created or recognized by law only and not contractual rights.
Louisiana jurisprudence has actively commented on an adopted child’s inability to assert wrongful death and/or survival actions based on his biological parent. Nelson v. Burkeen Const. Co., supra; Simmons v. Brooks, 342 So.2d 236 (La.App. 4th Cir.1977); Domingue v. Carencro Nursing Home, Inc., 520 So.2d 996 (La.App. 3d Cir.1987), writ denied, 522 So.2d 565 (La.1988). The basis for such exclusion has been the fact that tort actions, statutorily created, are not rights transmitted by the victim to his heirs as an inheritance. Simmons v. Brooks, supra. Inheritance, like wrongful death and survival actions, is a right created by law rather than contract. It appears the legislature intended to except | ¡¡the legal right of inheritance from the other legal rights created by law by which the adopted child is divested.
It is clear an adopted child cannot contractually be excluded from inheriting from his biological parent even by the biological parent’s last will and testament. Alexander v. Gray, 181 So. 639 (La.App.2d Cir. 1938). This is based on our constitutional mandate of forced heirship. La. Const.1974, Art. 12, Sec. 5. Forced heirship was designed to “combat, that is, the unjust disinheritance of children which leads to family disharmony and litigation among siblings and the concentration of family estates in fewer than all the children, to the economic detriment of society and the resulting impoverishment of the disinherited children.” Succession of Lauga, 624 So.2d 1156, 1158 (La. 1993). The prohibition against an adopted child being contractually excluded from his biological parent’s inheritance is consistent with forced heirship and the statutory requirement of La.Civ.Code art. 214. The fact the child cannot be excluded by contract for inheritance suggests the child can, in other circumstances, be affected by contracts.
La.Civ.Code art. 214 relieves a biological parent of his duties towards his child who has been given in adoption.[2] However, we do not read La.Civ.Code art. 214 from preventing a biological parent from creating a contract supporting his child if he so chooses. “Relieve” is defined as “to set free from an *1373 obligation;” it does not mean to prohibit one from fulfilling a contractually created obligation or duty, to which he himself agreed. Webster’s New Collegiate Dictionary. Society certainly does not want to discourage a biological parent from providing for his children, if he so chooses. To hold a biological parent cannot give financial support to a child who has been adopted away, is to thwart the policy behind ^forced heirship; we do not want children to become economically dependent on society.
Furthermore, to hold an adopted child is divested of his right to enforce a legal right contractually given to him by his biological parent is inconsistent with allowing the parent to create a contractual obligation to support the child. If, on one hand, we allow the parent to contractually leave money to the child over and beyond the child’s forced portion, through the parent’s last will and testament or, as in this ease, through a life insurance policy, we must allow the child the legal right to enforce the contract.
In interpreting the life insurance policy, we find, within the ordinary meaning of words, appellant is a “surviving child” of Mr. Gant. Thus, appellant, Barry Gant, Jr., is a part of the class of beneficiaries entitled to share in the proceeds of the policy.
There is no law or public policy against a biological parent contractually including a child, who has been adopted away, as a beneficiary for life insurance proceeds. While a biological parent is relieved of all his legal duties with regard to the adopted child, the law does not prohibit the parent from contractually creating and fulfilling such duties. Specifically, the law, through the inheritance exception, demands support of an adopted child by his biological parent once the parent dies. The law does not want to discourage the parent from giving more financial support to the child than is required by forced heirship and the forced portion.
Furthermore, the mere fact the law does not allow an adopted child to be considered the surviving child of his biological parent for purposes of wrongful death and survival actions does not mean the adopted child can never be considered the surviving child of his biological parent, especially in a contractual realm. The denial of the adopted child to the wrongful death and survival actions |8⅛ an indication the legal rights, of which an adopted child is divested, referred to in La.Civ.Code art. 214, are legal rights created by law and not those created by contract. Therefore, we hold an adopted child retains the legal right to enforce a contractual right given to him by his biological parent.
IT IS HEREBY ORDERED the trial court judgment dated July 27, 1994 is reversed, and Barry Gant, Jr. is entitled to his equal share of the life insurance proceeds from his biological father, Barry Gant, Sr. Specifically, appellant is entitled to the $27,-023.68, which was placed in the registry of the court resulting in the concursus proceeding.
For the reasons assigned, the trial court’s judgment is hereby reversed and appellee is to pay for all costs of these proceedings.

REVERSED.

. Depending on the situation, dual paternity will either require a biological parent to support his child or will relieve the parent of such responsibility. For example, in a situation of a child bom out-of-wedlock with a biological father and another person legally presumed to be the father, the biological father still owes certain duties to the child by matter of law. Smith v. Cole, supra. However, in a situation where a child has been adopted away from his biological parent, the law relieves the biological parent from these duties and divests him of other rights that flow between parent and child, except the child still inherits from his biological parent.

. These duties include support, maintenance and education of the child. La.Civ.Code art. 227.