Dear Mr. Rasch:
You have asked for an opinion from this office on behalf of the Louisiana State Board of Embalmers and Funeral Directors. The Board would like to know two things: (1) whether an adopted child should be considered as part of the majority of the surviving adult children and be included in the decision-making process regarding the final disposition of the remains of his or her adoptive parent, and (2) whether a child who has been adopted away has any right to be included in the decision-making process regarding the final disposition of the remains of his or herformer legal parent. Ultimately, whether an adult child will have the right to be involved in this particular decision-making process will hinge on whether he or she is legally considered to be the decedent's child. A child who has been adopted is considered the legal child of his or her adoptive parent. Therefore, if there is no surviving parent, or there is a surviving parent but a petition of divorce had been filed before the decedent died, then an adopted child shall be included in the decision-making process of how to dispose of his or her adoptive parent's body at the time of death. However, a child who has been adopted-away retains no legal right under Louisiana law to be involved in determining how to dispose of the final remains of his or her former legal parent.
For the purpose of this opinion, our Office is assuming that the "disposition of the remains of the natural [biological] parent or adoptive parent" is limited solely to the disposition (e.g., burial, cremation) of the parent's body. *Page 2 
La.R.S. 8:655 provides in pertinent part as follows:
A. The right to control interment, as defined in La.R.S. 8:1(26) ["the disposition of human remains by inurment, scattering, entombment, or burial in a place used or intended to be used, and dedicated, for cemetery purposes"] of the remains of a deceased person, unless other specific directions have been given by the decedent in the form of a written and notarized declaration, vests in and devolves upon the following in the order named:
(1) The surviving spouse, if no petition for divorce has been filed prior to the death of the decedent spouse.
(2) A majority of the surviving adult children of the decedent, not including grandchildren or other more remote descendants . .
 * * * *
B. In the event that the decedent has made multiple declarations of interment, the last declaration shall control.
(West 2011) (emphasis added).
Where the decedent parent has not made any specific declarations as to how his or her remains shall be disposed, La.R.S. 8:655 provides a ranking of those persons who shall make this determination. As noted above, if there is no surviving spouse or if there is a surviving parent but a petition of divorce had been filed before the decedent's death, a majority of the surviving adult children of the decedent are next in line to determine how to dispose of the decedent's remains. La.R.S. 8:655(A)(2). For the purpose of this opinion, our Office shall operate under the assumption that there has been no specific directive by the parent about how his or her remains shall be disposed.
La. Civil Code article 199 provides that "[u]pon adoption, the adopting parent becomes the parent of the child for all purposes and the filiation between the child and his legal parent is terminated, except as otherwise provided by law. The adopted child and his descendants retain the right to inherit from his former legal parent and the relatives of that parent." (West 2011). Based upon this civil code article, when a child is adopted his or her adoptive parents become his or her legal parents. Comment (a) to La. Civil Code article 199 emphasizes that the purpose of this legal provision is to "sever the legal relationship between the person who is adopted and his legal parents and relatives with few exceptions and [to] establish the legal relationship of child and parent between the person who has been adopted and the adoptive parent." The exceptions are few and involve the adopted child's right to inherit from his or her former legal parent, the ability of a legal parent to maintain his or her rights with the adopted child when the legal parent is married to the adoptive *Page 3 
parent, and where parents of the legal parent wish to retain their rights of visitation with the child during adoption. Comment (b) to La. Civil Code article 199. Based on La. Civil Code article 199, comments thereto, and the exceptions to the termination of filiation, we conclude that when an adoptive parent dies and there is no surviving spouse, or there is a surviving spouse but a petition for divorce had been filed prior to the decedent's death, the adopted child is legally entitled to be involved in deciding how to dispose of the remains of his or her adoptive parent because he or she is the legal child of his or her adoptive parent for all extensive purposes under the law.
As to the rights concerning the former legal parent, while La. Civil Code article 199 preserves the rights of the child who is adopted away to inherit from his or her former legal parent, the article does not expressly preserve the rights of the child who is adopted away to be involved in determining how to dispose of the remains of his or her natural or former legal parent. There are no exceptions to the termination of filiation that would preserve this right either. Therefore, a child who has been adopted away has no right to be included in the decision-making process of how to dispose of the remains of his or her former legal parent, absent a provision in the former legal parent's last will and testament to the contrary. See, Prudential Ins. Co. ofAmerica v. Smith, 94-951 (La.App. 5 Cir. 6/28/95), 657 So.2d 1369.
In sum, where a child has been legally adopted, as set forth in the Louisiana Children's Code and Civil Code, he or she shall be involved in determining how to dispose of the remains of his or her adoptive parents with his or her siblings pursuant to La.R.S. 8:655, where there is no surviving spouse or there is a surviving spouse but a petition for divorce had been filed prior to the decedent's death. Unless there is a provision included in the former legal parent's last will and testament providing that a child who had been adopted away should be involved in the decision-making process allowed for via La.R.S. 8:655, the child who has been adopted away has no right to be involved in determining how to dispose of his or her former legal parent's remains.
We hope that this information sufficiently answers your inquires. If we can be of further assistance, please do not hesitate to contact us.
Very truly yours,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
By: __________________________
KATHERINE K. GREEN
Assistant Attorney General
JDC:KG:jv